# Exhibit "A"

**FUSCO & MACALUSO PARTNERS, L.L.C.**
**David T. Ercolano, Esq.**
**Attorney ID#: 016922010**
150 Passaic Avenue
P. O. Box 838
Passaic, New Jersey 07055
(973) 779-1163
Attorneys for Plaintiff
File No: 216215

| | |
|---|---|
| **MEGHAN M. HOLLOWAY,**<br><br>  Plaintiff,<br><br>vs.<br><br>**NASSAU PROVISIONS; NASSAU PROVISIONS KOSHER FOODS INC.; RICHARD ROE 1-10** (fictitious names)**; GEICO INDEMNITY COMPANY; JOHN DOE 1-10** (fictitious names); **JANE ROE 1-10** (fictitious names); **ABC COMPANY, INC. 1-10** (fictitious names)**; JOHN DOE 11-20** (fictitious names)**; JANE ROE 11-20** (fictitious names)**, ABC COMPANY, INC. 11-20** (fictitious names)**; JOHN DOE 21-30** (fictitious names); **JANE ROE 21-30** (fictitious names),<br><br>  Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: ESSEX COUNTY<br><br>DOCKET NO.: ESX-L-<br><br><br>**CIVIL ACTION**<br><br>**COMPLAINT, JURY DEMAND, DESIGNATION OF TRIAL COUNSEL AND CERTIFICATION** |

Plaintiff, **MEGHAN M. HOLLOWAY,** residing at 178 Central Avenue, Apt. E, in the City of Englewood, County of Bergen, and State of New Jersey, by way of Complaint against the Defendants, hereby alleges as follows:

## FIRST COUNT

1. On or about **March 6, 2020**, Plaintiff, **MEGHAN M. HOLLOWAY,** was the operator of a certain motor vehicle traveling in a general west direction on Route 4, at or near the FDU Exit, in the Township of Teaneck, County of Bergen, and State of New Jersey.

2. At the time and place aforesaid, the Defendant, **RICHARD ROE 1-10** (fictitious names), was the operator of a certain commercial motor vehicle; more specifically an 18-wheeler truck, owned by Defendant, **NASSAU PROVISIONS** and/or Defendant, **NASSAU PROVISIONS KOSHER FOODS INC.,** which was also traveling in a general west direction on Route 4, at or near the FDU Exit, in the Township of Teaneck, County of Bergen, and State of New Jersey.

3. At the time and place aforesaid, the Defendant, **NASSAU PROVISIONS** and/or Defendant, **NASSAU PROVISIONS KOSHER FOODS INC.,** whose principle place of business, upon information and belief, is located at 200 Albany Avenue, Freeport, New York, was/were the owner(s), lessor(s) or lessee(s) of certain motor vehicle which was being operated by its agent, servant, and/or employee the Defendant, **RICHARD ROE 1-10** (fictitious names), which was proceeding along the same roadway.

4. Defendant, **NASSAU PROVISIONS** and/or Defendant, **NASSAU PROVISIONS KOSHER FOODS INC.,** is/are liable for the negligent acts and/or omissions of their agent(s), servant(s), and/or employee(s) under the doctrine of respondeat superior.

5. At the time and place aforesaid, the Defendants, **JOHN DOE 1-10** (fictitious names), **JANE ROE 1-10** (fictitious names) and/or **ABC COMPANY, INC. 1-10** (fictitious names) was/were the owner(s) of a certain motor vehicle(s) which was/were being operated by his/her/its agent(s), servant(s) and/or employee(s), the Defendant, **JOHN DOE 1-10** (fictitious names), along the aforesaid roadway(s).

6. The aforesaid Defendants, **JOHN DOE 1-10** (fictitious names)**, JANE ROE 1-10** (fictitious names) and/or **ABC COMPANY, INC. 1-10** (fictitious names) are fictitious names intended to identify any and all parties including individuals, corporations and/or other entities whose identities are presently unknown to the Plaintiff who together with the named Defendants, were the owners, lessor(s) or lessee(s) and/or operators of vehicles upon the aforesaid roadways and whose negligence contributed to Plaintiff's injuries.

7. The aforesaid Defendants, **JOHN DOE 11-20** (fictitious names)**, JANE ROE 11-20** (fictitious names) and/or **ABC COMPANY, INC. 11-20** (fictitious names) are fictitious names intended to identify any and all parties including individuals, corporations and/or other entities who have business relationships, contractual agreements and/or any other relationship with the named Defendants, and/or any other defendants whose identity(s) is/are presently unknown, who together with the named Defendants, maintained, controlled, operated or otherwise benefitted from the operation of the vehicle being operated by Defendant, **RICHARD ROE 1-10** (fictitious names) at the time of the subject accident and upon the aforesaid roadways and whose negligence contributed to Plaintiff's injuries.

8. At the time and place aforesaid, the Defendants, or either of them, so negligently operated and/or maintained and/or controlled their motor vehicles as to cause same to strike and collide with the vehicle and the person of the Plaintiff, **MEGHAN M. HOLLOWAY.**

9. As the direct and proximate result of the aforesaid negligence of the Defendants, the Plaintiff, **MEGHAN M. HOLLOWAY** sustained serious and permanent physical injuries, suffered, still suffers and will continue to suffer from great physical pain and mental anguish, was confined, is and will continue to be so confined, was obliged, still is, and will in the future be obligated to expend large sums of money for medical and other needed care of the aforesaid injuries, was prevented, is, and will in the future be prevented from pursuing his usual course of conduct and employment and in the future will be caused great pain and suffering, to her great loss and damage.

**WHEREFORE**, the Plaintiff, **MEGHAN M. HOLLOWAY** demands judgment against the Defendants, **RICHARD ROE 1-10** (fictitious names), **NASSAU PROVISIONS, NASSAU PROVISIONS KOSHER FOODS INC., JOHN DOE 1-10** (fictitious names), **JANE ROE 1-10** (fictitious names), **ABC COMPANY, INC. 1-10** (fictitious names), **JOHN DOE 11-20** (fictitious names)**, JANE ROE 11-20** (fictitious names) and/or **ABC COMPANY, INC. 11-20** (fictitious names) either individually, jointly and/or severally, for damages, together with interest and costs of this suit.

## SECOND COUNT

1. Plaintiff, **MEGHAN M. HOLLOWAY,** repeats each and every allegation of the prior Count of the Complaint as though same were set forth at length herein and makes them a part hereof.

2. At all times relevant hereto the Plaintiff, **MEGHAN M. HOLLOWAY,** was insured by Defendant, **GEICO INDEMNITY COMPANY** under a policy issued to Meghan M. Holloway which included uninsured/underinsured motorist benefits for Plaintiff, **MEGHAN M. HOLLOWAY**. Defendant, **GEICO INDEMNITY COMPANY** does business throughout the State of New Jersey, including the **County of Essex.**

3. As the direct and proximate result of the aforesaid negligence of the Defendants, the Plaintiff, **MEGHAN M. HOLLOWAY**, sustained serious and permanent physical injuries, suffered, still suffers and will continue to suffer from great physical pain and mental anguish, was and is confined, is and will continue to be so confined, was obliged, still is, and will in the future be obligated to expend large sums of money for medical and other needed care of the aforesaid injuries, was prevented, is, and will in the future be prevented from pursuing her usual course of conduct and employment and in the future will be caused great pain and suffering, to her great loss and damage.

4. Plaintiff, **MEGHAN M. HOLLOWAY**, made a demands for uninsured/underinsured motorists' benefits pursuant to said policy of insurance with Defendant, **GEICO INDEMNITY COMPANY.**

5. Defendant, **GEICO INDEMNITY COMPANY** has breached its contractual obligations to the Plaintiff in that they have refused to pay uninsured/underinsured motorist benefits pursuant to their contract with the Plaintiff.

**WHEREFORE**, Plaintiff, **MEGHAN M. HOLLOWAY,** demands judgment against the Defendant, **GEICO INDEMNITY COMPANY** for compensatory damages, interest, costs of suit, and counsel fees.

### THIRD COUNT

1. Plaintiff, **MEGHAN M. HOLLOWAY,** repeats each and every allegation of the prior Count of the Complaint as though same were set forth at length herein and makes them a part hereof.

2. At all times relevant, Defendant, **GEICO INDEMNITY COMPANY** was and is a liability and UM/UIM insurance company doing business in the State of New Jersey and insured **MEGHAN M. HOLLOWAY,** under a policy of insurance of which the Plaintiff is an intended beneficiary/insured pursuant to New Jersey Laws made and provided.

3. Defendants**, JOHN DOE 21-30** (fictitious names) and **JANE ROE 21-30** (fictitious names) are fictitious names intended to identify any and all claims managers/claims supervisors/claim handlers/claim adjusters and/or agents, servants and employees of Defendant, **GEICO INDEMNITY COMPANY** who handled the claims of Plaintiff, **MEGHAN M. HOLLOWAY**.

4. On **March 6, 2020**, Plaintiff, **MEGHAN M. HOLLOWAY,** suffered personal injuries when she was involved in a collision with the vehicle operated by Defendant, **RICHARD ROE 1-10** (fictitious names) and owned by Defendant, **NASSAU PROVISIONS** and/or Defendant, **NASSAU PROVISIONS KOSHER FOODS, INC.**

5. Defendants, **GEICO INDEMNITY COMPANY, JOHN DOE 21-30** (fictitious names) and **JANE ROE 21-30** (fictitious names), have failed in their fiduciary obligations to Plaintiff, **MEGHAN M. HOLLOWAY,** by not offering their UM/UIM policy limits and/or depositing their UM/UIM insurance policy limits into court within a timely manner.

6. In addition, Defendants, **GEICO INDEMNITY COMPANY, JOHN DOE 21-30** (fictitious names) and **JANE ROE 21-30** (fictitious names), have acted in bad faith in failing to settle within the Plaintiffs' UM/UIM policy limits prior to a jury verdict and in a timely manner.

**WHEREFORE**, Plaintiff, **MEGHAN M. HOLLOWAY,** demands judgment against the Defendants, **GEICO INDEMNITY COMPANY, JOHN DOE 21-30** (fictitious names) and **JANE ROE 21-30** (fictitious names) for compensatory damages and consequential damages for any unpaid portion of the judgment obtained against them as a result of any jury verdict rendered in this matter together with interest, costs of suit and counsel fees.

## FOURTH COUNT

1. Plaintiff, **MEGHAN M. HOLLOWAY,** repeats each and every allegation of the prior Counts of this Complaint as though same were set forth at length herein and makes them a part hereof.

2. Plaintiff, **MEGHAN M. HOLLOWAY,** alleges that there was a breach of the Consumer Fraud Statute, N.J.S.A. 56:8-16, and other regulations and statutes, which constitute statutory tort.

**WHEREFORE**, Plaintiff, **MEGHAN M. HOLLOWAY,** demands judgment against the Defendants, **GEICO INDEMNITY COMPANY, JOHN DOE 21-30** (fictitious names) and **JANE ROE 21-30** (fictitious names), for compensatory damages, interest, costs of suit, and counsel fees.

## FIFTH COUNT

1. Plaintiff, **MEGHAN M. HOLLOWAY,** repeats each and every allegation of the prior Counts of the Complaint as though same were set forth at length herein and makes them a part hereof.

2. The acts of Defendants, **GEICO INDEMNITY COMPANY, JOHN DOE 21-30** (fictitious names) and **JANE ROE 21-30** (fictitious names), unnecessarily and unreasonably compelled litigation, violated public policy, exposed the insured to personal liability violating the covenant of good faith and fair dealings.

3. The aforesaid acts were intentional in nature and without regard for the insured and were only in Defendants' self-interest.

4. The acts of Defendants, **GEICO INDEMNITY COMPANY, JOHN DOE 21-30** (fictitious names) and **JANE ROE 21-30** (fictitious names), were a wanton and willful disregard of the interest of their insured.

WHEREFORE, Plaintiff, **MEGHAN M. HOLLOWAY,** demands judgment against the Defendants, **GEICO INDEMNITY COMPANY, JOHN DOE 21-30** (fictitious names) and **JANE ROE 21-30** (fictitious names), for compensatory damages, interest, costs of suit and counsel fees.

## SIXTH COUNT

1. Plaintiff, **MEGHAN M. HOLLOWAY,** repeats each and every allegation of the prior Counts of the Complaint as though same were set forth at length herein and makes them a part hereof.

2. In addition to Defendants, **GEICO INDEMNITY COMPANY, JOHN DOE 21-30** (fictitious names) and **JANE ROE 21-30** (fictitious names), actions as described above, Defendants**, GEICO INDEMNITY COMPANY, JOHN DOE 21-30** (fictitious names) and **JANE ROE 21-30** (fictitious names), have engaged in unfair trade practices involving claim settlement in failing to attempt to settle the claims and/or to timely deposit their UM/UIM policy limits into Court, not attempting in good faith to effectuate, prompt, fair equitable settlement, compelling Plaintiff to institute litigation and failing to handle the claim in accordance with N.J.S.A. 17:29B-1, et seq.

3. As a direct and proximate result of Defendants, **GEICO INDEMNITY COMPANY, JOHN DOE 21-30** (fictitious names) and **JANE ROE 21-30** (fictitious names), actions and inactions, Plaintiff sustained damages.

WHEREFORE, Plaintiff, **MEGHAN M. HOLLOWAY,** demands judgment against the Defendants, **GEICO INDEMNITY COMPANY, JOHN DOE 21-30** (fictitious names) and

**JANE ROE 21-30** (fictitious names), for compensatory damages, interests, costs of suit and counsel fees.

### SEVENTH COUNT

1. Plaintiff, **MEGHAN M. HOLLOWAY,** repeats each and every allegation of the prior Counts of the Complaint as though same were set forth at length herein and makes them a part hereof.

2. Defendant, **GEICO INDEMNITY COMPANY** executed to Meghan M. Holloway, in consideration of a sum of money, its policy or contract of indemnity thereby agreeing to indemnify the Plaintiff or relative members of her household or occupants of its vehicle against loss arising from medical expenses, lost wages, essential services by the insured members of the insured's household or occupants of the insured's vehicle.

3. Plaintiff, **MEGHAN M. HOLLOWAY,** was and is qualified for such benefit.

4. On or about **March 6, 2020**, the Plaintiff, **MEGHAN M. HOLLOWAY,** was involved in an automobile accident proximately resulting in medical expenses, essential services expenses, lost wages and other covered losses.

5. Plaintiff, **MEGHAN M. HOLLOWAY,** has furnished to **GEICO INDEMNITY COMPANY** proof of said loss and otherwise performed all conditions of the policy.

6. Defendant, **GEICO INDEMNITY COMPANY** has failed and refused to make prompt payment of Plaintiffs' medical bills, in violation of New Jersey No-Fault Law and failed and refused to provide Plaintiff necessary treatment.

7. Personal Injury Protection benefits and/or medical expense benefits have wrongfully not been paid by the Defendant.

8. Personal Injury Protection benefits and/or medical expense benefits have wrongfully been denied by the Defendant.

9. Defendant is in breach of the insurance agreement and has violated New Jersey Law.

**WHEREFORE**, the Plaintiff, **MEGHAN M. HOLLOWAY,** demands judgment against the Defendant, **GEICO INDEMNITY COMPANY** for damages, including, but not limited to, payment of all medical bills, payment and/or reimbursement of benefits, statutory penalties including interest and counsel fees and such other relief as this Court may deem fair and proper.

FUSCO & MACALUSO PARTNERS, L.L.C.
Attorneys for Plaintiff

Dated: 9/28/2020         By: _____
DAVID T. ERCOLANO, ESQ.

### DEMAND TO PRESERVE EVIDENCE

All Defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social work or related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.) and any other information and/or data

and/or things and/or documents which may be relevant to any claim or defense in this litigation. Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

|  |  |
|---|---|
| | FUSCO & MACALUSO PARTNERS, L.L.C. |
| | Attorneys for Plaintiff |
| Dated: 9/28/2020 | By: _David T. Ercolano_ |
| | DAVID T. ERCOLANO, ESQ. |

## DEMAND FOR TRIAL BY JURY

The Plaintiff(s) hereby demand(s) a trial by jury as to all issues herein.

|  |  |
|---|---|
| | FUSCO & MACALUSO PARTNERS, L.L.C. |
| | Attorneys for Plaintiff |
| Dated: 9/28/2020 | By: _David T. Ercolano_ |
| | DAVID T. ERCOLANO, ESQ. |

## DESIGNATION OF TRIAL COUNSEL

In accordance with R. 4:25-4, David T. Ercolano, Esq., is hereby designated as trial counsel for the Plaintiff in the within matter.

|  |  |
|---|---|
| | FUSCO & MACALUSO PARTNERS, L.L.C. |
| | Attorneys for Plaintiffs |
| Dated: 9/28/2020 | By: _David T. Ercolano_ |
| | DAVID T. ERCOLANO, ESQ. |

## DEMAND FOR ANSWERS TO FORM C AND FORM C (1) INTERROGATORIES

Pursuant to Rule 4:17-1(b), demands is hereby made upon defendants to provide answers to Form C and Form C1 interrogatories contained in Appendix II, within the time limits prescribed by the Rules of Court.

FUSCO & MACALUSO PARTNERS, L.L.C.
Attorneys for Plaintiff

Dated: 9/28/2020      By: _David T Ercolano_
                          DAVID T. ERCOLANO, ESQ.

## CERTIFICATION

Pursuant to Rule 4:5-1, the undersigned hereby certifies that at the time of the filing of this Complaint, the within matter is not the subject of any other pending matters. Furthermore, through discovery, the Complaint may be amended to include party Defendants for the fictitious Defendants named herein. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

FUSCO & MACALUSO PARTNERS, L.L.C.
Attorneys for Plaintiff

Dated: 9/28/2020      By: _David T Ercolano_
                          DAVID T. ERCOLANO, ESQ.

13

# Civil Case Information Statement
## (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed**

**For Use by Clerk's Office Only**

Payment type: ☐ ck  ☐ cg  ☐ ca
Chg/Ck Number:
Amount:
Overpayment:
Batch Number:

| | |
|---|---|
| **Attorney/Pro Se Name** DAVID T. ERCOLANO, ESQ. | **Telephone Number** (973) 779-1163 |
| **Firm Name (if applicable)** FUSCO & MACALUSO PARTNERS LLC | **County of Venue** Essex |
| **Office Address** 150 Passaic Avenue P. O. Box 838 Passaic, NJ 07055 | **Docket Number (when available)** |
| | **Document Type** COMPLAINT |
| | **Jury Demand**  ■ Yes  ☐ No |

| | |
|---|---|
| **Name of Party (e.g., John Doe, Plaintiff)** MEGHAN M. HOLLOWAY, Plaintiff | **Caption** MEGHAN M. HOLLOWAY v. NASSAU PROVISIONS, et als. |

**Case Type Number** (See reverse side for listing): 603
**Are sexual abuse claims alleged?** ☐ Yes  ■ No
**Is this a professional malpractice case?** ☐ Yes  ■ No
If you have checked "Yes," see *N.J.S.A.* 2A:53A-27 and applicable case law regarding your obligation to file an affidavit of merit.

**Related Cases Pending?** ☐ Yes  ■ No
If "Yes," list docket numbers

**Do you anticipate adding any parties** (arising out of same transaction or occurrence)? ☐ Yes  ■ No

**Name of defendant's primary insurance company (if known)** STATE FARM INSURANCE COMPANY  ☐ None  ☐ Unknown

---

**The Information Provided on This Form Cannot be Introduced into Evidence.**

**Case Characteristics for Purposes of Determining if Case is Appropriate for Mediation**

**Do parties have a current, past or recurrent relationship?** ☐ Yes  ■ No
**If "Yes," is that relationship:** ☐ Employer/Employee  ☐ Friend/Neighbor  ☐ Other (explain)  ☐ Familial  ☐ Business

**Does the statute governing this case provide for payment of fees by the losing party?** ☐ Yes  ■ No

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition

**Do you or your client need any disability accommodations?** ☐ Yes  ■ No
If yes, please identify the requested accommodation:

**Will an interpreter be needed?** ☐ Yes  ■ No
If yes, for what language?

**I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).**

Attorney Signature: *David T Ercolano*

**Side 2**



# Civil Case Information Statement
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I - 150 days discovery

| | | | |
|---|---|---|---|
| 151 | Name Change | 506 | PIP Coverage |
| 175 | Forfeiture | 510 | UM or UIM Claim (coverage issues only) |
| 302 | Tenancy | 511 | Action on Negotiable Instrument |
| 399 | Real Property (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) | 512 | Lemon Law |
| | | 801 | Summary Action |
| 502 | Book Account (debt collection matters only) | 802 | Open Public Records Act (summary action) |
| 505 | Other Insurance Claim (including declaratory judgment actions) | 999 | Other (briefly describe nature of action) |

### Track II - 300 days discovery

| | | | |
|---|---|---|---|
| 305 | Construction | 603Y | Auto Negligence – Personal Injury (verbal threshold) |
| 509 | Employment (other than Conscientious Employees Protection Act (CEPA) or Law Against Discrimination (LAD)) | 605 | Personal Injury |
| | | 610 | Auto Negligence – Property Damage |
| 599 | Contract/Commercial Transaction | 621 | UM or UIM Claim (includes bodily injury) |
| 603N | Auto Negligence – Personal Injury (non-verbal threshold) | 699 | Tort – Other |

### Track III - 450 days discovery

| | | | |
|---|---|---|---|
| 005 | Civil Rights | 608 | Toxic Tort |
| 301 | Condemnation | 609 | Defamation |
| 602 | Assault and Battery | 616 | Whistleblower / Conscientious Employee Protection Act (CEPA) Cases |
| 604 | Medical Malpractice | | |
| 606 | Product Liability | 617 | Inverse Condemnation |
| 607 | Professional Malpractice | 618 | Law Against Discrimination (LAD) Cases |

### Track IV - Active Case Management by Individual Judge / 450 days discovery

| | | | |
|---|---|---|---|
| 156 | Environmental/Environmental Coverage Litigation | 514 | Insurance Fraud |
| 303 | Mt. Laurel | 620 | False Claims Act |
| 508 | Complex Commercial | 701 | Actions in Lieu of Prerogative Writs |
| 513 | Complex Construction | | |

### Multicounty Litigation (Track IV)

| | | | |
|---|---|---|---|
| 271 | Accutane/Isotretinoin | 601 | Asbestos |
| 274 | Risperdal/Seroquel/Zyprexa | 623 | Propecia |
| 281 | Bristol-Myers Squibb Environmental | 624 | Stryker LFIT CoCr V40 Femoral Heads |
| 282 | Fosamax | 625 | Firefighter Hearing Loss Litigation |
| 285 | Stryker Trident Hip Implants | 626 | Abilify |
| 286 | Levaquin | 627 | Physiomesh Flexible Composite Mesh |
| 289 | Reglan | 628 | Taxotere/Docetaxel |
| 291 | Pelvic Mesh/Gynecare | 629 | Zostavax |
| 292 | Pelvic Mesh/Bard | 630 | Proceed Mesh/Patch |
| 293 | DePuy ASR Hip Implant Litigation | 631 | Proton-Pump Inhibitors |
| 295 | AlloDerm Regenerative Tissue Matrix | 632 | HealthPlus Surgery Center |
| 296 | Stryker Rejuvenate/ABG II Modular Hip Stem Components | 633 | Prolene Hernia System Mesh |
| 297 | Mirena Contraceptive Device | | |
| 299 | Olmesartan Medoxomil Medications/Benicar | | |
| 300 | Talc-Based Body Powders | | |

**If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.**

**Please check off each applicable category**   ☐ **Putative Class Action**   ☐ **Title 59**   ☐ **Consumer Fraud**

# Civil Case Information Statement

## Case Details: ESSEX | Civil Part Docket# L-006444-20

**Case Caption:** HOLLOWAY MEGHAN  VS NASSAU PROVISIONS
**Case Initiation Date:** 09/29/2020
**Attorney Name:** DAVID T ERCOLANO
**Firm Name:** FUSCO & MACALUSO LLC
**Address:** 150 PASSAIC AVE PO BOX 838 PASSAIC NJ 07055
**Phone:** 9737791163
**Name of Party:** PLAINTIFF : HOLLOWAY, MEGHAN, M
**Name of Defendant's Primary Insurance Company (if known):** STATE FARM INSURANCE COMPANY

**Case Type:** UM OR UIM CLAIM (INCLUDES BODILY INJURY)
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?**  NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: MEGHAN M HOLLOWAY?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
  **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
  **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

09/29/2020                                                                 /s/ DAVID T ERCOLANO
Dated                                                                                      Signed